■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS T. WYNN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 9, 1975, convicting him of burglary in the second degree and sexual abuse in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, and indictment dismissed. The sole evidence connecting defendant-appellant with the crime charged was the identification by the complaining witness. She had identified defendant after a series of prejudicial showups. Testimony relating thereto was suppressed by the court after a *Wade* hearing. However, the complaining witness was permitted to identify defendant in court. The description given by her to the police after the incident differed from defendant's physical appearance with respect to height, facial hair and complexion. The weak identification evidence, coupled with the fact that it took complainant 20 minutes before she could identify the defendant at the showup which was held in close proximity to the time of the commission of the alleged crime, convinces us that defendant's guilt was not established

beyond a reasonable doubt. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.